IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GRANT H. DANSKINE, ET AL,
Plaintiffs

vs.

METRO DADE COUNTY
FIRE DEPARTMENT,
and
FIRE CHIEF R. D. PAULISON,
individually and officially,
Defendants.

MAGISTRATE JUDGE
GARBER

CASE NO: CIV-HIGHSMITH
97-2068

_____/

## COMPLAINT - CLASS ACTION

Plaintiff GRANT H. DANSKINE hereby sues Fire Chief R. D. Paulison, individually and in his official capacity, and Metro Dade County, and alleges:

### JURISDICTION AND PARTIES

1. The Court has jurisdiction pursuant to 28 U.S.C. Section 1343.

2. Plaintiff Grant Danskine is a resident of Dade County, Florida and he has been injured in the fashion set forth below.

3. Defendant Dade County is a County located in the State of Florida.

4. At all times pertinent Metro Dade County operated the Metro Dade Fire Department.

5. Defendant Chief R. D. Paulison is a resident of the State of Florida.

6. Defendant Chief R. D. Paulison is the Chief of Metro Dade County's Fire Department and in all matters relevant to this complaint acted under color of state law. He is sued individually and in his official capacity.

1/16

## FACTUAL ALLEGATIONS

7. Hiring for the Metro Dade County Fire Department is conducted in a manner which favors the selection of female applicants.

8. The METRO DADE COUNTY FIRE DEPARTMENT must be administered in compliance with federal, state and local law under a policy which prohibits denial of equal employment opportunity with regard to sex when that status is unrelated to the employee's ability to perform the job. (See **Composite Exhibit 1, copy of Fire Department's Affirmative Action Policy , dating back to at least February 1993 and reaffirmed by Chief Paulison in June of 1995.**)

9. In 1994, PLAINTIFF GRANT H. DANSKINE completed and passed an examination for the initial hiring phase for selection as a candidate for firefighter. (See **Exhibit 2, letter of May 1996 from Metro Dade County informing PLAINTIFF of his status as a qualified applicant as a result of his passing the exam.**)

10. Plaintiff, a male, having passed the initial written examination was not considered in the selection process for referral to the next level due to preferential selection of female applicants. (See **Exhibit 3, letter of October 1996 from Metro Dade County to Plaintiff indicating that all 770 female applicants have been referred to next level in selection process while 3593 qualified males remain un-referred**).

11. Defendant Metro Dade County Fire Department or its agents intentionally modified the examination processes, by re-testing under less restrictive conditions females who initially were unable to attain a successful completion of physical tasks designed to

2

measure their suitability to the position of firefighter.

12. The aforementioned modification and lowering of the standards exacted of male candidates, granting favorable status to females, had the result of further enabling Metro Dade County Fire Department personnel to select female candidates for referral rather than male candidates who did not enjoy such lowering of standards, and instead of male candidates who had passed the tests on the first attempt.

## CLASS REPRESENTATION ALLEGATIONS

13. PLAINTIFF brings this class action on his own behalf and on behalf of others similarly situated under **Fed. R. Civ. P. Rule 23(a), (b)(2), (b)(3), and Local Rule 23.1** seeking declaratory and injunctive relief, and monetary damages including but not limited to compensatory damages, costs, litigation expenses and attorney fees against DEFENDANTS METRO DADE COUNTY AND CHIEF PAULISON.

14. The class represented by PLAINTIFF consists of all male individuals who applied for positions in the fire department and who suffered from the illegal hiring practices of DEFENDANTS from 1994 to present.

15. The exact size of the class is unknown but upon information and belief the number exceeds one thousand, and joinder would be impracticable.

16. The claims of the named PLAINTIFF are typical of the claims of the class, including DEFENDANTS having abridged the rights of the PLAINTIFF under Federal Civil Rights Statutes specified below.

17. Metro Dade County maintains an Affirmative Action Policy which

3

purports to dictate a fair hiring process but which in its implementation results in a hiring process which illegally favors female candidates, resulting in de facto illegal quotas for females, and thereby, the DEFENDANTS have acted or refused to act on grounds generally applicable to the class, thereby making appropriate the prayed for injunctive relief and declaratory relief with respect to not only the named PLAINTIFF but to the members of the class as a whole.

18. The named PLAINTIFF will fairly and adequately protect the interests of the class.

19. The named PLAINTIFF has no interest which conflicts with class members.

20. Under **42 U.S.C. @1981 and @ 1983,** there are no requirements to exhaust administrative remedies.

21. Questions of law and fact common to the class include, but are not limited to, the following:

    a. Plaintiff, who is a male, and certain other male class members have completed and passed a written examination for the position of firefighter with Metro Dade County in 1994.

    b. Of those successful applicants who passed the initial exam, Metro Dade County has selected for transfer into a second level of qualification <u>all</u> of the female applicants because they were female.

    c. Plaintiff and other male class members who passed the initial test were not considered for transfer into the second level of qualification because they were males.

4

of qualification because they were males.

22. Plaintiff's Counsel is experienced in litigating civil rights matters, and is currently co-counsel in one other class action.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF 42 U.S.C. Section 1983

23. Paragraphs 1-22 above are hereby realleged and incorporated herein by reference.

24. PLAINTIFF GRANT H. DANSKINE has been harmed by the actions and policies of Defendants Chief Paulison and Metro Dade County, as evidenced by one or more of the following practices:

   (a) Altering of test scores to allow females a passing grade;

   (b) Lowering of standards for females who completed but failed the testing of their physical agility;

   (c) Modifying time allowances for completion of tasks in testing of female applicants, both as to mental and physical capabilities;

   (d) Illegal use of gender preferences by Defendants in the established processes preceding, and as prerequisite to, the offering of employment as a firefighter.

   (e) Failing to consider males for referral to higher levels in the selection process because the Fire Chief and his subordinate personnel subscribed to a female gender preference policy.

25. As a result of the actions of the Defendants, PLAINTIFF GRANT H. DANSKINE has suffered loss of income and related benefits attendant to a position as firefighter, as well as humiliation and

5

emotional distress.

26. The actions of Defendants, acting under color of law, constituted a pattern and practice which resulted in an intentional avoidance of hiring of male applicants, which favored the hiring of females, and deprived PLAINTIFF of his property rights under the Fourteenth Amendment to the United States Constitution and under **Title 42 U.S.C. Section 1983.**

## COUNT II

### VIOLATION OF 42 U.S.C. SECTION 1981

27. Paragraphs 1-26 above are realleged and reincorporated by reference herein.

28. Defendants PAULISON AND METRO DADE COUNTY FIRE DEPARTMENT denied PLAINTIFF employment because he is male.

29. The actions of DEFENDANT constitute a pattern and practice resulting in the denial of PLAINTIFF's rights to contract in violation of 42 U.S.C. Section 1981 and the **Amendments of 1991 to the Civil Rights Act of 1964.**

30. As a result of the denial of civil rights, PLAINTIFF has suffered substantial injury.

## COUNT III

### VIOLATION OF UNITED STATES CONSTITUTION AND 42 U.S.C. Section 1983

31. Plaintiff realleges paragraphs 1-30 above and reincorporates them herein by reference.

32. By discriminating against Plaintiff GRANT H. DANSKINE based on his gender, Defendants have denied him equal protection of the laws in violation of the Fourteenth Amendment to the United States

Constitution and 42 U.S.C. Section 1983.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray that this Court grant the following relief:

1. Award compensatory and punitive damages to the PLAINTIFF against each of the aforementioned DEFENDANTS.

2. Order the hiring of the PLAINTIFF with full back pay, back seniority and all benefits attendant to a position of firefighter.

3. Order permanent injunctive relief, enjoining Defendants to discontinue their illegal and discriminatory hiring practices.

4. Declare the present hiring practices and policies of METRO DADE COUNTY FIRE DEPARTMENT illegal under **42 U.S.C. Sections 1983 and 1981, and under the United States Constitution, Fourteenth Amendment.**

5. Award Attorney fees and costs pursuant to 42 U.S.C. Section 1988; and

6. Order such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF HEREBY requests a jury trial on all issues so triable.

Signed this 1ST day of July 1997.

Jane M. Letwin, Esq.
LAW OFFICES OF JANE M. LETWIN, P. A.
Attorney for PLAINTIFF GRANT H. DANSKINE
915 Middle River Drive, Suite 111
Fort Lauderdale, FL. 33304
Tel: 954 563 5888
Fax: 954 563 1388
By: Jane M. Letwin: FBN: 990329

7



# NON DISCRIMINATION IN EMPLOYMENT AND SERVICES

## POLICY

In compliance with federal, state, and local law, it is the policy of Dade County Fire Department to provide equal employment opportunity for all without regard to race, color, religion, national origin, sex, age, ancestry, marital status and/or place of birth, or physical handicap when that handicap is unrelated to the employee's ability to perform the job.

Further, it is the policy to provide equal access to facilities and services offered to the public without regard to race, color, religion, national origin, sex, age, ancestry, marital status, place of birth, and/or physical handicap.

Therefore, a program of affirmative action has been established to assure that all personnel policies relevant to recruitment, selection, hiring, training, transfer, promotion, evaluation, disciplinary actions and dismissals provide equality of opportunity and nondiscriminatory treatment for all persons.

Note: Discrimination based on above classes includes harassment, verbal abuse, derogatory comment, creation of a hostile working environment, etc. Additionally, unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when: (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

All supervisory personnel are expected to conduct themselves in accordance with these policies and monitor the conduct of subordinates to ensure compliance.

## CIVIL RIGHTS COMPLAINT PROCEDURE

**INTERNAL:** Complainants are encouraged to discuss the problem with the Departmental Affirmative Action Officer in order to seek resolution of the complaint on an informal basis. The Fire Department's Affirmative Action Officer functions under the direction of the Fire Chief and may be contacted at Station 13.   J. R. Fernandez, Affirmative Action Officer, may be contacted at 596-8592.

The complainant and the Affirmative Action Officer shall be free from restraint, interference, coercion, discrimination, or reprisal in connection with the problem. The Affirmative Action Officer shall not reveal the identity of an aggrieved person who has asked for consultation except when authorized to do so in writing by the aggrieved person.

Note: Complaints of alleged discrimination under Title VII of the Civil Rights Act, Federal Revenue Sharing Act, Florida Human Rights Act and Dade County Fair Employment Act are targeted for special handling by those laws. The initiation of a specific departmental procedure for handling such complaints is not intended to preclude the use of employee grievance procedures when a complainant deems appropriate.

**EXTERNAL:** Any persons who believe that they have been subjected to discriminatory practices by the Fire Department or its employees because of race, color, religion, national origin, sex, age, ancestry, marital status, a place of birth, and/or physical handicap may file a complaint with Metro-Dade County Affirmative Action Division of Employee Relations Department, the U.S. Equal Employment Opportunity Commission, and/or other appropriate affirmative action compliance agencies.

R.D. Paulison
Fire Chief

TO BE POSTED

# MEMORANDUM

TO: All Stations & Offices

FROM: R.D. Paulison
Fire Chief

DATE: June 1, 1995

SUBJECT: Affirmative Action Policy

Every year, as we prepare a new Affirmative Action Plan for the Metro Dade Fire Rescue Department, it is essential that we remind ourselves of our commitment to equal employment opportunity.

As Metro Dade County employees, we must be cognizant of the County's policy in this regard and so, I use this opportunity to convey it to you. It reads as follows:

"It is the policy of Dade County to safeguard all individuals within the county from discrimination because of race, color, religion, ancestry, national origin, age, gender, physical handicap, marital status or place of birth in connection with employment, thereby to protect their interest in personal dignity and freedom from humiliation, to make available their full productive capacities, and to preserve the public safety, health and general welfare.

It is not the policy of Dade County to prohibit bona fide seniority or merit systems which measure earnings by quantity or quality of production or the use of professionally validated ability tests, so long as such systems and tests are not designed, intended or used to discriminate in connection with employment, because of an individual's race, color, religion, ancestry, national origin, age, gender, physical handicap, marital status or place of birth, nor is it the County's policy to require the granting of any preference to any individual in connection with employment (Section 11A-21 Code of Metropolitan Dade County)."

In addition, the "Statement of Affirmation" contained in the Affirmative Action Plan is enclosed for your review. This statement, as well as the Policy statement of "NON DISCRIMINATION IN EMPLOYMENT AND SERVICES" reaffirm our commitment to this area of human endeavor. As stated therein, the Departmental Affirmative Action Officer is Mr. J.R. Fernandez, and his office is located at Station #13 where a copy of the Affirmative Action Plan may be obtained. Supervisors are encouraged to obtain a copy of the plan and discuss it with staff or with community organizations where appropriate. To do so, contact Mr. Fernandez, in advance, at 596-8587.

RDP/jf

## STATEMENT OF AFFIRMATION

In compliance with federal, state, and local law, it is the policy of Metro Dade Fire Rescue to provide equal employment opportunities for all without regard to race, color, religion, national origin, gender, age, ancestry, marital status, and/or place of birth, or physical handicap when that handicap is unrelated to the employee's ability to perform the job.

Further, it is the policy of this department to provide equal access to facilities and services offered to the public without regard to physical handicap, as well as race, color, religion, national origin, gender, age, ancestry, marital status, and/or place of birth.

To achieve these ends, a program has been established to ensure that personnel policies relevant to recruitment, selection, hiring, training, transfer, promotion, evaluation, disciplinary actions and termination, provide equality of opportunity and non-discriminatory treatment for all persons.

In conjunction with the policy of non-discrimination, Metro Dade Fire Rescue utilizes bona fide promotional systems and professionally validated ability tests which are designed to assess essential job functions and related skills, and to avoid discrimination in connection with employment or promotion, because of that individual's race, color, religion, ancestry, national origin, age, gender, marital status, pregnancy, place of birth or physical handicap if unrelated to the individual's ability to perform the essential job functions of the position.

In support of the Departmental Affirmative Action Policy, an Affirmative Action Committee and a Pre-Employment Coordinator position responsible for specialized recruitment have been established for the accomplishment of both short-term as well as long-term goals.

_____       6/1/95
R.D. Paulison, Fire Chief        Date
Metro Dade Fire Rescue

_____       5/31/95
J.R. Fernandez, Aff.Actn.Off.    Date
Metro Dade Fire Rescue

METROPOLITAN DADE COUNTY, FLORIDA





STEPHEN P. CLARK CENTER

**EMPLOYEE RELATIONS DEPARTMENT**
PERSONNEL SERVICES DIVISION
SUITE 2020
111 N.W. 1ST STREET
MIAMI, FLORIDA 33128-1996

May 21, 1996

Dear Firefighter Applicant:

You qualified on the 1994 Firefighter written examination and are currently still pending on that list of applicants. You have not yet been referred to the Fire Rescue Department.

This letter will serve two purposes:

<u>First</u>, if you have MOVED since you took the test, and have not previously notified us, please call 375-2683 or return the enclosed postal card so that your records can be updated.

<u>Second</u>, if you are NO LONGER INTERESTED IN REMAINING ON THIS LIST, please return the enclosed postal card stating that you would like your name to be REMOVED from the list.

Remember, this notification is to update the records so please respond IMMEDIATELY. If you have not moved AND/OR you want to remain on the list, you need not respond to this letter.

Thank you very much for your assistance in keeping the records as current as possible.

Sincerely,

Kathy Leahy
Kathy Leahy, Manager
Testing and Validation Section
Personnel Services Division
Employee Relations Department

Enc.

METROPOLITAN DADE COUNTY, FLORIDA





STEPHEN P. CLARK CENTER

**EMPLOYEE RELATIONS DEPARTMENT**
PERSONNEL SERVICES DIVISION
SUITE 2020
111 N.W. 1ST STREET
MIAMI, FLORIDA 33128-1996

October 28, 1996

Mr. Grant Danskine
442 Fernwood Road
Key Biscayne, FL  33149

Mr. Grant Danskine:

First, I owe you an apology for the time delay. I have however, gotten the information you requested and listed it below. For clarity, I have first listed your request, then my response to you.

1. 'A break down of everyone who qualified for the 1994 fire fighters examination in ethnic and gender categories.

| Sex | White | Black | Hispanic | |
|---|---|---|---|---|
| Male | 1234 | 1162 | 2171 | |
| Female | 264 | 264 | 242 | |
| Unknown/Others | | | | 470 |

2. A break down of everyone who has been referred from 1994 to current in ethnic and gender categories.

| Sex | White | Black | Hispanic | |
|---|---|---|---|---|
| Male | 252 | 373 | 450 | |
| Female | 264 | 264 | 242 | |
| Unknown/Others | | | | 138 |

3. A break down of everyone who is remaining on the applicant pool in ethnic and gender categories.

| Sex | White | Black | Hispanic | |
|---|---|---|---|---|
| Male | 982 | 890 | 1721 | |
| Female | 0 | 0 | 0 | |
| Unknown/Others | | | | 332 |

If you have any further questions, please feel free to contact me.

Sincerely,

Kathy Leahy, Manager
Testing and Validation Section

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Grant H. Danskine, et al

**DEFENDANTS**
Metro Dade Fire Department and
Fire Chief R. D. Paulison

**MAGISTRATE JUDGE GARBER**

97-2068 CIV-HIGHSMITH

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Dade__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Dade__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A DADE 97-2068-CIV-Highsmith/GARBER

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jane M. Letwin, Esq., P. A.
915 Middle River Drive, #111
Ft. Lauderdale, FL   33304
(954) 563-5888

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
(DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 1973: Violation of Civil Rights.

**IVa.** 5 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B COMPETITIVE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **B PRISONER PETITIONS** | | |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | ☐ 890 Other Statutory Actions * * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☒
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint: ☒
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6/30/97

SIGNATURE OF ATTORNEY OF RECORD
Jane M. Letwin

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 678605
Amount: 150.00
Date Paid: 07/02/97
M/ifp: _____